FILED

DEC 2 1 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>        v.<br><br>Irma TIJERINA-De Leyva,<br><br>                Defendant. | Magistrate Case No. 07MJ8981<br><br><br>FINDINGS OF FACT AND<br>ORDER OF DETENTION |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on December 14, 2007, to determine whether defendant Irma TIJERINA-De Leyva should be held in custody pending trial on the grounds that she is a flight risk. Assistant U. S. Attorney John F. Weis appeared on behalf of the United States. Diane Regan of Federal Defenders of San Diego, Inc. appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Service Officer, and the criminal complaint issued against the Defendant on December 14, 2007, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant required.

///

///

///

I

## FINDINGS OF FACT

A.    Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)

　　　　1.    The Defendant is charged in Criminal Complaint No. 07MJ8981 with possession with intent to distribute 17.55 kilograms (38.7 pounds) of cocaine in violation of 21 U.S.C. § 841(a)(1). Therefore, there exists probable cause to believe the Defendant committed the charged offense.

　　　　2.    The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C.§ 801 et seq.). See 21 U.S.C. § 841(b)(1)(B)(vii). Thus, there arises a presumption that no condition or combination of conditions will reasonable assure the appearance of the Defendant as required. See 18 U.S.C. § 3142(e).

　　　　3.    According to the United States Sentencing Guidelines, the Base Offense level is 34, See USSG § 2D1.1(3). Even assuming the Defendant's criminal history score places her in Criminal History Category I, see USSG § 4A1.1., the sentencing range for the Defendant is 151-188 months in prison.

B.    Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2):

　　　　1.    On December 13, 2007, Defendant approached the Highway 86 Checkpoint driving a 2007 Nissan Altima. Defendant appeared nervous. U.S. Border Patrol Agent requested consent to perform a canine sniff of the vehicle. Defendant consented and exited the vehicle. The canine alerted to the front rocker panels. BPA Delgado began to inspect the vehicle and was overwhelmed by the odor of bondo. Defendant stated the vehicle belonged to her and that she had bought it new in Mexicali, Mexico the previous month. When asked if any work had been done on the vehicle, Defendant stated no. BPA Delgado tapped on the bondo and it began to chip away exposing access plates to a false compartment. BPA Delgado removed 17.55 kilograms (38.7 pounds) of cocaine from the rocker panels. United States Border Patrol requested the assistance of the Drug Enforcement Administration (DEA).

C.    History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3):

　　　　1.    The Defendant is a citizen of Mexico.

　　　　2.    The Defendant resides in Mexicali, Baja California, Mexico.

　　　　3.    The Defendant has no legal right to remain or work in the United States, as her

1   only possesses a Border Crossing Card.

2        D.   Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)

3             1.   Other than that the charged crime is a drug trafficking offense, there is nothing

4   to suggest that release of the Defendant would pose a danger to any person or the community.

5                                           II

6                            REASONS FOR DETENTION

7        A.   There is probable cause to believe that the Defendant committed the offense charged in

8   Criminal Complaint No. 07MJ8981, namely, the possession with intent to distribute a controlled

9   substance 17.55 kilograms (38.7 pounds) of cocaine into the United States in violation of 21 U.S.C.

10  § 841(a)(1).

11       B.   The Defendant faces a substantial period of time in custody if convicted of the offense

12  charged in the Complaint. He therefore has a strong motive to flee.

13       C.   The Defendant has not rebutted the presumption, based upon the Court's findings that

14  there is probable cause to believe that the Defendant committed an offense for which a maximum term

15  of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801

16  et seq.), that no condition or combination of conditions will reasonably assure the appearance of the

17  Defendant at future court proceedings.

18                                          III

19                                        ORDER

20       IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

21       IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney

22  General or his designated representative for confinement in a corrections facility separate, to the extent

23  practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The

24  Defendant shall be afforded reasonable opportunity for private consultation with counsel.

25  ///

26  ///

27  ///

28  ///

    ///

                                          3

1   While in custody, upon order of a court of the United States or upon the request of an attorney

2   for the United States, the person in charge of the correctional facility shall deliver the Defendant to the

3   United States Marshal for the purpose of an appearance in connection with a court proceeding or any

4   other appearance stipulated to by defense and government counsel.

5   THIS ORDER IS ENTERED WITHOUT PREJUDICE.

6   IT IS SO ORDERED.

7   DATED: _12-21-07_ .

8

9                                         PETER C. LEWIS

10                                        UNITED STATES MAGISTRATE JUDGE

11

    Prepared by:

12

    KAREN P. HEWITT
13  United States Attorney

14

15

16  JOHN F. WEIS
    Assistant U. S. Attorney

17

    cc: Diane Regan
18      of Federal Defenders of San Diego, Inc.

19

20

21

22

23

24

25

26

27

28

                                4